## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

MARQUES TAVRON                                                    PLAINTIFF
ADC #137415

V.                          NO. 2:24-cv-00044-BSM-ERE

DEXTER PAYNE, *et al*.                                            DEFENDANTS

### RECOMMENDED DISPOSITION

**I.    Procedure for Filing Objections:**

        This Recommendation has been sent to United States District Judge Brian S.

Miller. You may file written objections to all or part of this Recommendation.  Any

objections filed must: (1) specifically explain the factual and/or legal basis for the

objection; and (2) be received by the Clerk of this Court within fourteen (14) days

of the date of this Recommendation. If you do not object, you risk waiving the right

to appeal questions of fact and Judge Miller can adopt this Recommendation without

independently reviewing the record.

**II.   Background:**

        *Pro se* plaintiff Marques Tavron, an Arkansas Division of Correction

("ADC") inmate, filed this civil rights lawsuit under 42 U.S.C. § 1983. *Doc. 2*. Mr.

Tavron's complaint alleges that: (1) ADC officials have failed to protect him from

"the threat of imminent harm" (*Doc. 2 at 13*); (2) on May 6, 2023, "infirmary and

security has played a major part in not taking the reasonable steps to prevent me to

commit suicide" (*Id.*); and (3) ADC officials have labeled him a snitch and placed him in general population in retaliation for him filing previous lawsuits against ADC staff members (*Id.*). Mr. Tavron sues 67 Defendants each in his or her individual capacity seeking both monetary and injunctive relief.

On March 6, 2024, the Court entered an Order explaining to Mr. Tavron that his original complaint was deficient. *Doc. 4*. The Court gave Mr. Tavron an opportunity to file an amended complaint correcting the pleading deficiencies and warned him that the failure to do so would likely result in dismissal of this case. *Id. at 8*.

To date, Mr. Tavron has not filed an amended complaint, and the time to do so has passed. The Court will therefore screen Mr. Tavron's original complaint, as required by 28 U.S.C. § 1915A.

## III.   **Discussion**:

### A.   **Screening**

Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

§ 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

**B.    Failure to Protect**

To state a plausible claim that a defendant violated his constitutional right to protection, Mr. Tavron must allege facts, if taken as true, are sufficient to support an inference that: (1) objectively, he was incarcerated under conditions posing a substantial risk of serious harm; and (2) subjectively, Defendants were "deliberately indifferent" to that risk. *Schoelch v. Mitchell*, 625 F.3d 1041, 1046 (8th Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). "The second requirement is a subjective test; a defendant must be 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id*. (quoting *Farmer*, 511 U.S. at 837). Deliberate indifference describes a state of mind "akin to criminal recklessness." *Shipp v. Murphy*, 9 F.4th 694, 703 (8th Cir. 2021) (quoting *Vaughn v. Gray*, 557 F.3d 904, 908 (8th Cir. 2009)). "This onerous standard requires a showing 'more than negligence, more even than gross negligence,' but less than 'purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate[.]'" *Thompson v. King*, 730 F.3d 742, 747 (8th Cir. 2013) (quoting *Popoalii v. Correctional Medical*

3

*Services*, 512 F.3d 488, 499 (8th Cir. 2008) (first quote) and *Schaub v. VonWald*, 638 F.3d 905, 914–15 (8th Cir. 2011) (second quote)).

Mr. Tavron's complaint fails to include any facts to support an inference that any named Defendants was either aware of a risk to his safety or that they deliberately ignored any such risk. Accordingly, Mr. Tavron's complaint fails to state a plausible failure to protect claim against any named Defendant.

### C.    Medical Deliberate Indifference

To state a plausible medical deliberate indifference claim against any named Defendant, Mr. Tavron must allege facts that, if taken as true, support a reasonable inference that: (1) he had "objectively serious medical needs"; and (2) each Defendant "actually knew of but deliberately disregarded those needs." *Hamner v. Burls,* 937 F.3d 1171, 1177 (8th Cir. 2019); see also *Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016).[1]

---

[1] A medical need is objectively serious if it has been "diagnosed by a physician as requiring treatment" or if it is "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018). When a prisoner alleges that a delay in medical treatment has violated his constitutional rights, the "objective seriousness of the deprivation should also be measured 'by reference to the *effect* of delay in treatment.'" *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005); see *Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 2001) (a prisoner must demonstrate that the delay in obtaining medical treatment adversely affected his prognosis, or that defendants ignored an acute or escalating situation). Importantly, "the Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. County of Hennepin, Minnesota,* 557 F.3d 628, 633 (8th Cir. 2009).

Under the subjective component of an inadequate medical care claim, prison officials may not "deliberately delay or deny prisoners' medical care," but a prisoner "must show more than negligence, more even than gross negligence," to make out a constitutional

Mr. Tavron's complaints contain no facts to show: (1) how any Defendant was aware of his need for mental health treatment; or (2) how any Defendant denied his requests for mental health treatment. Thus, Mr. Tavron's proposed medical deliberate indifference claims cannot survive screening.

### D.    Retaliation

To state a retaliation claim, Mr. Tavron must allege that: (1) he engaged in constitutionally protected activity; (2) Defendants took adverse action against him that would chill a person of ordinary firmness from engaging in that activity; and (3) retaliation was a motivating factor for the adverse action. *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007); *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004) (internal citation omitted) (holding that an inmate "must show that impermissible retaliation was the actual motivating factor for his transfer"). Moreover, allegations of retaliation must be more than speculative and conclusory. *Atkinson v. Bohn*, 2009 WL 4825169, *904 (8th Cir. 2009) (per curiam) (holding that plaintiff "failed to state a retaliation claim because he . . . failed to allege which defendants were

---

violation. *Hamner,* 937 F.3d at 1177; *see Roberts v. Kopel,* 917 F.3d 1039, 1042 (8th Cir. 2019) (deliberate indifference requires a mental state "akin to criminal recklessness"). Significantly, prisoners "have no right to receive a particular or requested course of treatment," and prison medical personnel "remain free to exercise their independent medical judgment." *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018). It is well-settled that a prisoner's "mere difference of opinion over matters of expert medical judgment or a course of medical treatment fails to rise to the level of a constitutional violation." *Id.* at 921-22 (citation and alterations omitted).

involved in or affected by his grievances.").

As explained in *Rienholtz v. Campbell*, "an inmate cannot immunize himself
. . . merely by filing [grievances] and then claiming that everything that happens to
him is retaliatory." 64 F. Supp. 2d 721, 733 (W.D. Tenn. 1999) (internal citation
omitted). "If that were so, then every prisoner could obtain review of non-cognizable
claims merely by filing a lawsuit or grievance and then perpetually claiming
retaliation." *Id*.

Mr. Tavron's complaint generally alleges that Defendants retaliated against
him for filing a previous federal lawsuit. However, Mr. Tavron does not allege any
facts to support his conclusory assertion that Defendants were motivated by unlawful
retaliation.

Mr. Tavron's conclusory, speculative assertions that a causal connection
exists between him exercising his right to file a federal lawsuit and Defendants'
alleged retaliatory conduct are insufficient to state a plausible constitutional claim
for relief. See *Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (per curiam)
(speculative and conclusory allegations cannot support retaliation claim); *Ashcroft*,
556 U.S. at 678 (explaining that "labels and conclusions," a "formulaic recitation of
the elements of a cause of action," and "naked assertions devoid of further factual
enhancement" are insufficient to plead a § 1983 claim; and instead, a prisoner must
set forth "sufficient factual matter, accepted as true, to state a claim to relief that is

6

plausible on its face"); see also *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

### E.   Personal Involvement

In his complaint, Mr. Tavron sues 67 individuals. However, Mr. Tavron fails to allege how each named Defendant personally participated in any alleged unconstitutional conduct or had direct responsibility for any alleged constitutional violation. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007). Accordingly, as stated, Mr. Tavron has failed to state a plausible constitutional claim against each Defendant.[2]

## IV.   <u>Conclusion</u>:

IT IS THEREFORE RECOMMENDED THAT:

1.   Mr. Tavron's complaint be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2.   The Clerk be instructed to close this case.

---

[2] To the extent that Mr. Tavron seeks to hold any supervisory ADC Defendant liable for the actions of their subordinates, such a claim also fails. Established law holds that a supervisor may not be held vicariously liable under § 1983 for the constitutional violations of a subordinate. *Ashcroft*, 556 U.S. at 676 (holding that "vicarious liability is inapplicable to . . . § 1983 suits"); *Saylor v. Nebraska*, 812 F.3d 637, 644-45 (8th Cir. 2016) (because a supervisor cannot be held vicariously liable for the constitutional violations of a subordinate, prisoner must "show that the supervisor personally participated in or had direct responsibility for the alleged violations" or "that the supervisor actually knew of, and was deliberately indifferent to or tacitly authorized, the unconstitutional acts").

3.    The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

4.    In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

Dated 11 April 2024.

_____
UNITED STATES MAGISTRATE JUDGE