IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**MARQUES TAVRON**  **PLAINTIFF**
**ADC #137415**

V.   NO. 2:24-cv-00044-BSM-ERE

**DEXTER PAYNE,** *et al.*   **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.   Procedure for Filing Objections:**

This Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Miller can adopt this Recommendation without independently reviewing the record.

**II.   Background:**

*Pro se* plaintiff Marques Tavron, an Arkansas Division of Correction ("ADC") inmate, filed this civil rights lawsuit under 42 U.S.C. § 1983. *Doc. 2*. Mr. Tavron's original complaint alleges that: (1) ADC officials have failed to protect him from "the threat of imminent harm" (*Doc. 2 at 13*); (2) on May 6, 2023, "infirmary and security has played a major part in not taking the reasonable steps to

prevent me to commit suicide" (*Id*.); and (3) ADC officials have labeled him a snitch and placed him in general population in retaliation for him filing previous lawsuits against ADC staff members (*Id*.). Mr. Tavron sues 67 Defendants each in his or her official and personal capacity seeking both monetary and injunctive relief.

On March 6, 2024, the Court entered an Order explaining to Mr. Tavron that his original complaint was deficient. *Doc. 4*. The Court gave Mr. Tavron an opportunity to file an amended complaint correcting the pleading deficiencies and warned him that the failure to do so would likely result in dismissal of this case. *Id. at 8*. Mr. Tavron did not file an amended complaint within 30 days, as instructed.

Accordingly, on April 11, 2024, I recommended that Mr. Tavron's complaint be dismissed based on his failure to state a constitutional claim. *Doc. 5*.

On April 15, Mr. Tavron filed a motion to amend his complaint. *Doc. 6*. On May 3, the Honorable Brian S. Miller rejected my recommendation and granted Mr. Tavron's motion to amend his complaint. *Doc. 9*. The Court must now screen Mr. Tavron's amended complaint.

The Court now recommends that Mr. Tavron's amended complaint be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

### III. <u>Discussion</u>:

**A.    Screening**

Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

In deciding whether Mr. Tavron has stated a plausible claim for relief under § 1983, the Court must determine whether the allegations in the complaint, which are presumed true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id*. at 561 (citation omitted). Rather, the facts set forth in the complaint must "nudge [the] claims across the line from conceivable to plausible." *Id*. at 570.

### B.     Mr. Tavron's Amended Complaint

Mr. Tavron's amended complaint generally alleges: (1) medical professionals have acted with "gross negligence" in failing to provide him adequate medical care (*Doc. 9 at 1*); (2) ADC officials have labeled him a "snitch" (*Id. at 1, 4, 6*) ; (3) ADC officials have verbally harassed him (*Id.*); (4) ADC officials have violated ADC policies (*Id. at 2*); and (5) ADC officials have wrongfully held him in solitary confinement (*Id. at 3-4*). Mr. Tavron again sues 67 Defendants seeking monetary and injunctive relief. In his amended complaint, Mr. Tavron does not specify in what capacity he sues the named Defendants.[1]

Although a *pro se* complaint must be liberally construed, in order to proceed on his §1983 complaint, Mr. Tavron must still allege facts sufficient to support a reasonable inference that one or more Defendants violated his constitutional rights. See *Murray v. Lene*, 595 F.3d 868, 870 (8th Cir. 2020) (a complaint "must contain facts sufficient to state a claim as a matter of law and must not be merely conclusory in its allegations.").

---

[1] While Mr. Tavron's amended complaint fails to specifically state in what capacity he sues Defendants, in his original complaint, Mr. Tavron checked the box indicating that he is suing Defendants in both their official and personal capacity. *Doc. 2 at 2*. Because Mr. Tavron is proceeding *pro se*, the Court will liberally construe Mr. Tavron's amended complaint as asserting both official and personal capacity claims against all Defendants. However, a civil litigant cannot recover money damages from state actors sued in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Accordingly, Mr. Tavron's claims for money damages from any Defendant in his or her official capacity are barred by sovereign immunity.

### C. Medical Deliberate Indifference

To state a plausible medical deliberate indifference claim against any named Defendant, Mr. Tavron must allege facts that, if taken as true, support a reasonable inference that: (1) he had "objectively serious medical needs"; and (2) each Defendant "actually knew of but deliberately disregarded those needs." *Hamner v. Burls,* 937 F.3d 1171, 1177 (8th Cir. 2019); see also *Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016).[2]

Mr. Tavron's amended complaint contains no facts to show: (1) how any Defendant was aware of his need for mental health treatment; or (2) how any Defendant denied his requests for mental health treatment. Furthermore, Mr. Tavron generally alleges that Defendants acted negligently. However, as the Court

---

[2] A medical need is objectively serious if it has been "diagnosed by a physician as requiring treatment" or if it is "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Barton v. Taber,* 908 F.3d 1119, 1124 (8th Cir. 2018). When a prisoner alleges that a delay in medical treatment has violated his constitutional rights, the "objective seriousness of the deprivation should also be measured 'by reference to the *effect* of delay in treatment.'" *Laughlin v. Schriro,* 430 F.3d 927, 929 (8th Cir. 2005); see *Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 2001) (a prisoner must demonstrate that the delay in obtaining medical treatment adversely affected his prognosis, or that defendants ignored an acute or escalating situation). Importantly, "the Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. County of Hennepin, Minnesota,* 557 F.3d 628, 633 (8th Cir. 2009).
  Under the subjective component of an inadequate medical care claim, prison officials may not "deliberately delay or deny prisoners' medical care," but a prisoner "must show more than negligence, more even than gross negligence," to make out a constitutional violation. *Hamner,* 937 F.3d at 1177; Significantly, prisoners "have no right to receive a particular or requested course of treatment," and prison medical personnel "remain free to exercise their independent medical judgment." *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018). It is well-settled that a prisoner's "mere difference of opinion over matters of expert medical judgment or a course of medical treatment fails to rise to the level of a constitutional violation." *Id.* at 921-22 (citation and alterations omitted).

previously explained, an inadvertent or negligent failure to provide adequate medical care cannot support a deliberate indifference claim. See *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019) (deliberate indifference requires a mental state "akin to criminal recklessness").

Mr. Tavron's amended complaint fails to state a plausible medical deliberate indifference claim against any Defendant.

### D. Failure to Protect

To state a plausible claim that any Defendant violated his constitutional right to protection, Mr. Tavron must allege facts, if taken as true, are sufficient to support an inference that: (1) objectively, he was incarcerated under conditions posing a substantial risk of serious harm; and (2) subjectively, one or more identified Defendants were "deliberately indifferent" to that risk. *Schoelch v. Mitchell*, 625 F.3d 1041, 1046 (8th Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). "The second requirement is a subjective test; a defendant must be 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id*. (quoting *Farmer*, 511 U.S. at 837). Deliberate indifference describes a state of mind "akin to criminal recklessness." *Shipp v. Murphy*, 9 F.4th 694, 703 (8th Cir. 2021) (quoting *Vaughn v. Gray*, 557 F.3d 904, 908 (8th Cir. 2009)). "This onerous standard requires a showing 'more than negligence, more even than gross negligence,' but less than 'purposefully

causing or knowingly bringing about a substantial risk of serious harm to the inmate[.]'" *Thompson v. King*, 730 F.3d 742, 747 (8th Cir. 2013) (quoting *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 499 (8th Cir. 2008) (first quote) and *Schaub v. VonWald*, 638 F.3d 905, 914–15 (8th Cir. 2011) (second quote)).

Although Mr. Tavron's amended complaint alleges that ADC officials have labeled him a "snitch," he fails to allege any specific facts that could support an inference that any named Defendant was either aware of a risk to his safety or deliberately ignored such risk. Mr. Tavron generally lists Defendants who allegedly violated his constitutional rights. However, he fails to allege any facts stating what any individual Defendant did or failed to do that arguably rises to the level of unconstitutional behavior. Mr. Tavron's pleading is so generalized that, if permitted to go forward, it would not give the Defendants fair notice of their alleged constitutional violations. In any event, to state a plausible failure to protect claim, Mr. Tavron must identify specific unconstitutional conduct that each individual Defendant engaged in. See *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."). He has failed to do so.

Mr. Tavron's amended complaint fails to state a plausible failure to protect claim against any named Defendant.[3]

---

[3] To the extent that Mr. Tavron seeks to hold any supervisory ADC Defendant liable for

### E. Verbal Harassment

Mr. Tavron generally alleges that Defendants have verbally threatened and harassed him. Such conduct does not rise to a constitutional level. See *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985) ("Verbal threats do not constitute a constitutional violation"). Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail officials did not rise to the level of a constitutional violation).

### F. Violation of ADC Policy

Mr. Tavron's amended complaint alleges that Defendants violated various ADC policies. However, the law is settled that failing to follow prison policies or procedures is not conduct that rises to the level of a constitutional claim. *McClinton*

---

the actions of their subordinates, such a claim also fails. Established law holds that a supervisor may not be held vicariously liable under § 1983 for the constitutional violations of a subordinate. *Ashcroft*, 556 U.S. at 676 (holding that "vicarious liability is inapplicable to . . . § 1983 suits"); *Saylor v. Nebraska*, 812 F.3d 637, 644-45 (8th Cir. 2016) (because a supervisor cannot be held vicariously liable for the constitutional violations of a subordinate, prisoner must "show that the supervisor personally participated in or had direct responsibility for the alleged violations" or "that the supervisor actually knew of, and was deliberately indifferent to or tacitly authorized, the unconstitutional acts").

*v. Arkansas Dep't of Corr.*, 166 Fed. Appx. 260 (8th Cir. 2006) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)).

### G. Conditions of Confinement Claim

To move forward on an inhumane conditions of confinement claim, Mr. Tavron must allege facts which, taken as true, support a reasonable inference that he suffered a serious deprivation of "the minimal civilized measure of life's necessities" and the "offending conduct [was] wanton." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels v. Vincenz*, 382, F.3d 870, 875 (8th Cir. 2004) (citations and quotation marks omitted).

Mr. Tavron's amended complaint fails to allege facts suggesting that any specific Defendant either: (1) denied him any of life's necessities; or (2) disregarded an excessive risk to his health or safety by holding him in solitary confinement. Mr. Tavron's conclusory and unsubstantiated allegations fall short of alleging that he suffered an extreme deprivation violating his constitutional rights. See *Bell Atlantic Corp. v. Twombly, supra.*

...

## IV.    Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1.     Mr. Tavron's complaint be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2.     The Clerk be instructed to close this case.

3.     The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

4.     In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

Dated 7 May 2024.

_____
UNITED STATES MAGISTRATE JUDGE